IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KATELYN HANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | File No. |
| CAO TRINH, d/b/a SUPER WASH & DRY and ) | |
| TRANS SHOPPING CENTER, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, KATELYN HANKS, by and through the undersigned counsel, and files this, his Complaint against Defendants, CAO TRINH, d/b/a/ SUPER WASH & DRY and TRANS SHOPPING CENTER, INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' CAO TRINH, d/b/a/ SUPER WASH & DRY and TRANS SHOPPING CENTER, INC., failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff, KATELYN HANKS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Dallas County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in

1

performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, CAO TRINH, d/b/a/ SUPER WASH & DRY (hereinafter "CAO TRINH, d/b/a/ SUPER WASH & DRY"), is an individual who transacts business in the State of Texas and within this judicial district.

8. Defendant, CAO TRINH, d/b/a/ SUPER WASH & DRY, may be properly served with process via its Owner for service, to wit: Cao Trinh, 3600 W. Pioneer Drive, Suite 100, Irving, TX 75061.

9. Defendant, TRANS SHOPPING CENTER, INC. (hereinafter "TRANS SHOPPING CENTER, INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

10. Defendant, TRANS SHOPPING CENTER, INC., may be properly served with process via its registered agent for service, to wit: Trinh Tran, Registered Agent, 3600 W. Pioneer Drive, Irving, TX 75061.

**FACTUAL ALLEGATIONS**

11.     On or about July 19, 2019 Plaintiff was a customer at "Super Wash & Dry," a business located at 3620 W. Pioneer Drive, Irving, TX 75061, referenced herein as the "Super Wash & Dry."

12.     Also on July 19, 2019, Plaintiff was a customer at the restaurant La Paleta, also located in the Property.

13.     CAO TRINH, d/b/a/ SUPER WASH & DRY is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates the Super Wash & Dry.

14.     TRANS SHOPPING CENTER, INC. is the owner or co-owner of the real property and improvements that Super Wash & Dry is situated upon and that is the subject of this action, referenced herein as the "Property."

15.     Plaintiff lives 18 miles from Super Wash & Dry and the Property.

16.     Plaintiff's access to the business(es) located at 3620 W. Pioneer Drive, Irving, TX 75061, Dallas County Property Appraiser's account number 325595100A010000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants, CAO TRINH, d/b/a/ SUPER WASH & DRY and TRANS SHOPPING CENTER, INC., are compelled to remove the physical barriers to access and correct the ADA violations that exist at Super Wash & Dry and the Property, including those set forth in this Complaint.

17.     Plaintiff has visited Super Wash & Dry and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Super Wash & Dry and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are

removed and Super Wash & Dry and the Property is accessible again. The purpose of the revisit is to be a regular customer, to determine if and when Super Wash & Dry and the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

18. Plaintiff intends on revisiting Super Wash & Dry and the Property to purchase food and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

19. Plaintiff travelled to Super Wash & Dry and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Super Wash & Dry and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Super Wash & Dry and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical

|  |  |
|---|---|
|  | areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services; |
| (iv) | individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and |
| (v) | the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity. |

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25. Super Wash & Dry is a public accommodation and service establishment.

26. The Property is a public accommodation and service establishment.

27. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

29. Super Wash & Dry must be, but is not, in compliance with the ADA and ADAAG.

30. The Property must be, but is not, in compliance with the ADA and ADAAG.

31. Plaintiff has attempted to, and has to the extent possible, accessed Super Wash & Dry, La Paleta and the Property in her capacity as a customer of Super Wash & Dry, La Paleta and the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Super Wash & Dry and the Property that preclude and/or limit her access to Super Wash & Dry, La Paleta and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Plaintiff intends to visit Super Wash & Dry, La Paleta and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Super Wash & Dry and the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Super

Wash & Dry and the Property that preclude and/or limit her access to Super Wash & Dry and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33. Defendants, CAO TRINH, d/b/a/ SUPER WASH & DRY and TRANS SHOPPING CENTER, INC., have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Super Wash & Dry and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34. Defendants, CAO TRINH, d/b/a/ SUPER WASH & DRY and TRANS SHOPPING CENTER, INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, CAO TRINH, d/b/a/ SUPER WASH & DRY and TRANS SHOPPING CENTER, INC., are compelled to remove all physical barriers that exist at the Super Wash & Dry and the Property, including those specifically set forth herein, and make Super Wash & Dry and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Super Wash & Dry and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Super Wash & Dry and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) Near Super Wash & Dry, one accessible parking space has a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This

    violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii) Near Super Wash & Dry, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii) Near Super Wash & Dry, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iv) Near Super Wash & Dry, due to a policy of placing a pole in the access aisle, the access aisle is in violation of Section 303.2, 502.3.1 and 502.4 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property.

(v) Near Super Wash & Dry, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(vi) Near Super Wash & Dry, one accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(vii) In Super Wash & Dry, the interior has walking surfaces lacking a 36 (thirty-six) inch clear width, due to an inadequate policy of not keeping the accessible route clear, in

        violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(viii) The Property lacks an accessible route from the public sidewalk to the accessible entrances in violation of section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to utilize public transportation as a way to access the units of the Property.

(ix) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**SUPER WASH & DRY RESTROOMS**

(i) The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(ii) The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii) The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

    (iv)    Restrooms have a pedestal sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

    (v)    The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

36.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Super Wash & Dry and the Property.

37.    Plaintiff requires an inspection of Super Wash & Dry and the Property in order to determine all of the discriminatory conditions present at Super Wash & Dry and the Property in violation of the ADA.

38.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39.    All of the violations alleged herein are readily achievable to modify to bring Super Wash & Dry and the Property into compliance with the ADA.

40.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Super Wash & Dry and the Property is readily achievable because the nature and cost of the modifications are relatively low.

41.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Super Wash & Dry and the Property is readily achievable because

Defendants, CAO TRINH, d/b/a/ SUPER WASH & DRY and TRANS SHOPPING CENTER, INC., have the financial resources to make the necessary modifications.

42. Upon information and good faith belief, Super Wash & Dry and the Property have been altered since 2010.

43. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, CAO TRINH, d/b/a/ SUPER WASH & DRY and TRANS SHOPPING CENTER, INC., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Super Wash & Dry and the Property, including those alleged herein.

45. Plaintiff's requested relief serves the public interest.

46. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, CAO TRINH, d/b/a/ SUPER WASH & DRY and TRANS SHOPPING CENTER, INC.

47. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, CAO TRINH, d/b/a/ SUPER WASH & DRY and TRANS SHOPPING CENTER, INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

48. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, CAO TRINH, d/b/a/ SUPER WASH & DRY and TRANS SHOPPING CENTER, INC., to modify Super Wash & Dry and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, CAO TRINH, d/b/a/ SUPER WASH & DRY., in violation of the ADA and ADAAG;

(b) That the Court find Defendant, TRANS SHOPPING CENTER, INC., in violation of the ADA and ADAAG

(c) That the Court issue a permanent injunction enjoining Defendants, CAO TRINH, d/b/a/ SUPER WASH & DRY and TRANS SHOPPING CENTER, INC., from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, CAO TRINH, d/b/a/ SUPER WASH & DRY and TRANS SHOPPING CENTER, INC., to (i) remove the physical barriers to access and (ii) alter Super Wash & Dry and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: August 29, 2019.                    Respectfully submitted,

                                           THE SCHAPIRO LAW GROUP, P.L.

                                           /s/  Douglas S. Schapiro
                                           Douglas S. Schapiro, Esq.
                                           *Attorney-in-Charge for Plaintiff*
                                           Northern District of Texas ID No. 54538FL
                                           The Schapiro Law Group, P.L.
                                           7301-A W. Palmetto Park Rd., Suite 100A
                                           Boca Raton, FL 33433
                                           Tel: (561) 807-7388

Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES

 /s/  Emil Lippe, Jr.
 Emil Lippe, Jr., Esq.
 State Bar No. 12398300
 Lippe & Associates
 12222 Merit Drive, Suite 1200
 Dallas, TX 75251
 Tel: (214) 855-1850
 Fax: (214) 720-6074
 emil@texaslaw.com

ATTORNEYS FOR PLAINTIFF
KATELYN HANKS